# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2756

_____

| | | |
|---|---|---|
| Alexandra Golberg, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Hennepin County; Sheriff Patrick | * | District of Minnesota. |
| McGowan, individually and in his | * | |
| official capacity, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: February 18, 2005
Filed: August 1, 2005

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Alexandra Golberg appeared before a Minnesota state court judge, responding to a felony fraud complaint. The court continued the criminal proceeding but ordered that Golberg be booked at the Hennepin County Adult Detention Center (ADC) before her release. ADC officials then discovered that Golberg had two outstanding warrants requiring her to post bail before she could be released. As a result, Golberg remained in custody at the ADC for thirty-two hours, including ten hours after her father posted the required bail. Two years later, Golberg commenced this § 1983 action against Hennepin County and various County officials, alleging that the

excessive detention violated her federal constitutional rights. She later dismissed all defendants except the County and County Sheriff Patrick McGowan (collectively, the County). The district court[1] granted summary judgment to the County. Golberg appeals, arguing that summary judgment was improper because whether her detention was reasonable is a disputed fact question for the jury. Reviewing the district court's grant of summary judgment *de novo*, we affirm.

Golberg's principal claim in the district court was that her detention violated her Fourth Amendment right to be free from unreasonable seizure. On appeal, Golberg does not challenge the state court judge's decision to have her booked before her pretrial release on the felony fraud charge, and she concedes that, following discovery of the outstanding warrants, there was probable cause to detain her at ADC until she posted the required bail. Thus, the issue is whether Golberg's constitutional rights were violated either because she was not allowed to use a phone for seventeen hours to call her parents to arrange for bail, or because she was detained an additional ten hours after ADC accepted the bail her father posted.

Golberg's argument is premised on the proposition that the length of her detention must be analyzed under the Fourth Amendment's reasonableness standard.[2] We disagree with the premise. To be sure, that standard applies when the question

---

[1]The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota.

[2]We reject as contrary to the law of this circuit Golberg's additional assertion that the reasonableness of a seizure under the Fourth Amendment is a question for the jury. See United States v. McKines, 933 F.2d 1412, 1424-26 (8th Cir.) (en banc) (John R. Gibson, J., stating the opinion of the court on this issue), cert. denied, 502 U.S. 985 (1991). Golberg relies for this assertion on Lewis v. O'Grady, 853 F.2d 1366, 1370 (7th Cir. 1988), cited favorably in Berry v. Baca, 379 F.3d 764, 772-73 (9th Cir. 2004). But on this issue, Lewis is contrary to, and therefore implicitly overruled by, Muehler v. Mena, 125 S. Ct. 1465, 1470 n.1 (2005).

is whether a detainee was provided a prompt probable cause hearing following a warrantless arrest. See County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (forty-eight hours is presumptively reasonable). But the right to a prompt probable cause hearing is one of the "traditional protections against unlawful arrest" encompassed by the Fourth Amendment. 500 U.S. at 60 (Scalia, J., dissenting). Here, on the other hand, Golberg's seizure was based on her appearance before the court on a felony complaint and on the discovery of outstanding warrants requiring the posting of bail. Seizure on those grounds was reasonable under the Fourth Amendment without the need for further judicial process such as a probable cause hearing. Thus, the question is whether the *subsequent* delay that occurred, both before and after bail was posted, violated Golberg's constitutional rights. Claims alleging the excessive detention of one who has established the right to be released are typically analyzed under the Due Process Clause. See Foucha v. Louisiana, 504 U.S. 71, 80 (1992); United States v. Salerno, 481 U.S. 739, 746-52 (1987); Baker v. McCollan, 443 U.S. 137, 144-45 (1979).

In an analogous situation -- where the wrong person was arrested under a valid warrant and a delay occurred before release -- we have required proof that the § 1983 defendant was deliberately indifferent to the plaintiff's right to be released; evidence of merely negligent or unreasonable conduct was not sufficient to establish liability in these cases. See Davis v. Hall, 375 F.3d 703, 718-19 (8th Cir. 2004); Young v. City of Little Rock, 249 F.3d 730, 734-36 (8th Cir. 2001), cert. denied, 534 U.S. 1129 (2002); Kennell v. Gates, 215 F.3d 825, 827-28 (8th Cir. 2000); Slone v. Herman, 983 F.2d 107, 110 (8th Cir. 1993). Our opinions cited the plaintiff's liberty interest in a timely release, which suggests that the right to release from initially lawful detention is based upon the substantive component of the Due Process Clause, rather than the Fourth Amendment. But whatever the federal constitutional right or rights at issue,

these cases establish that Golberg must show that Sheriff McGowan was deliberately indifferent to that right to avoid summary judgment dismissing her § 1983 claim.[3]

In this case, Sheriff McGowan and his staff did not fail to implement a court-ordered release. The state court, after granting a three-week continuance, simply noted that Golberg "need[s] to be booked this morning." When ADC staff discovered the outstanding warrants, they were authorized to determine, without further judicial intervention, that Golberg must be detained until the required bail was posted. Golberg has not established who in the County Sheriff's office was responsible for permitting her to arrange for bail, who received the bail and determined its adequacy, who released Golberg after bail was posted, and so forth. Indeed, Golberg has not even alleged that any member of the ADC staff was deliberately indifferent to her right to be released after posting bail. Certainly, Sheriff McGowan was not, as he had no personal involvement in her booking and subsequent detention.

In support of its motion for summary judgment, the County presented evidence describing the relevant procedures, the approximate time it takes to process individuals through the pretrial detention system, and the temporary problems with a new computer system that arose during the time Golberg was detained and undoubtedly contributed to the length of her detention. During that period, both Golberg and her father were told by ADC staff that she was lost in the new computer system for several hours. Thus, this case is far different than Davis, 375 F.3d at 709, where the plaintiff was held for fifty-seven days after a court-ordered release, or Young, 249 F.3d at 732-33, where the plaintiff was chained to other prisoners and

---

[3]If the right at issue in these cases is substantive due process, later cases confirm that Kennell, 215 F.3d at 828 n.4, appears to be correct in noting that plaintiffs must also satisfy the demanding "shocks-the-conscience" standard for substantive due process liability. See Terrell v. Larson, 396 F.3d 975, 980-81 (8th Cir. 2005) (en banc). We need not resolve that question in this case, because we conclude that Golberg failed to produce sufficient evidence of deliberate indifference.

strip searched instead of being immediately released, as the court had ordered. This summary judgment record establishes that, at most, the County's failure to process Golberg more promptly was mere negligence and therefore cannot satisfy the standard of criminal recklessness needed to prove that Sheriff McGowan (or any other ADC employee) was deliberately indifferent to Golberg's constitutional rights. See Farmer v. Brennan, 511 U.S. 825, 835-840 (1994); Terrell, 396 F.3d at 980.

Alternatively, Golberg argues that the district court erred in granting summary judgment in favor of the County because the County adopted a set of administrative policies and procedures which, as implemented, deprived Golberg of her constitutional right to prompt release. The Supreme Court has consistently held that a local government entity may not be held liable under § 1983 "solely because it employs a tortfeasor." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Rather, the § 1983 plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404.

One way to establish liability, the Supreme Court explained in Brown, is to prove that the County's legislative body or authorized decisionmaker "intentionally deprived a plaintiff of a federally protected right" or took action that "itself violates federal law." 520 U.S. at 405. Golberg's claim fails to meet this standard because she presented no evidence that the administrative procedures adopted by the County violated federal law on their face or were intended to deprive detainees of their constitutional rights. Alternatively, Brown explained, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Id. at 407, citing City of Canton v. Harris, 489 U.S. 378, 388 (1989). Here, Golberg argues that the County's deliberate indifference is evidenced by a sign in the booking area advising detainees that completing and processing their paperwork may take

-5-

"more than eight hours." We disagree. That notice is not evidence of criminally reckless disregard of ADC detainees' federal constitutional rights because a delay of "more than eight hours" in many situations would not be a deprivation of those rights. More importantly, this claim against the County fails because Golberg failed to show that any individual County employee took an action that deprived Golberg of her constitutional rights. <u>See</u> <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 691-92 (1978); <u>Doran v. Eckold</u>, 409 F.3d 958, 967 (8th Cir. 2005) (en banc).

For the foregoing reasons, the judgment of the district court is affirmed.

_____