# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3216

_____

Morris Killingham,                              *
                                                *
        Plaintiff-Appellant,                    *
                                                *  Appeal from the United States
        v.                                      *  District Court for the
                                                *  District of Minnesota.
County of Hennepin; Patrick D.                  *
McGowan, Sheriff; Michele Smolley,              *  [UNPUBLISHED]
Chief Deputy; Thomas Merkel,                    *
Inspector, Richard Esensten, Former             *
Inspector, officially and individually,         *
                                                *
        Defendants-Appellees.                   *

_____

Submitted: September 16, 2005
Filed: October 28, 2005

_____

Before LOKEN, Chief Judge, LAY and SMITH, Circuit Judges

_____

PER CURIAM.

On Friday, May 25, 2001, Morris Killingham was arrested by police officers in Minneapolis, Minnesota, for domestic assault. At approximately 5:45 p.m. that evening, Killingham arrived at the Hennepin County Adult Detention Center (the "ADC"). The next morning, a state district court judge reviewed Killingham's arrest, found probable cause to support it, and set bail. Killingham did not post bail. On June 1, 2001, Killingham was transported to the Hennepin County District Court in

Ridgedale and, at 8:14 a.m., entered a plea of guilty. Later that afternoon, Killingham received a sentence of ninety days, with credit for eight days already served, and the remainder of his sentence was stayed. After sentencing, Killingham was taken back to the ADC between 3:55 p.m and 4:20 p.m. Upon his arrival, Killingham entered a holding cell for two and one-half to three hours. Finally, Killingham was returned back to the ADC housing area where he awaited release. ADC records indicate Killingham was released between 4:15 a.m. and 4:30 a.m on June 2. Killingham contends, however, that his final, formal release did not occur until 10:10 a.m. on June 2, 2001.

Killingham subsequently filed claims against Hennepin County alleging, inter alia, that his post-sentencing detention violated the Fourth and Fourteenth Amendments, triggering liability under 42 U.S.C. § 1983. The district court granted Hennepin County's motion for summary judgment, finding no evidence of a constitutional violation resulting from an official municipal policy, or municipal custom or usage, adopted by Hennepin County. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

A municipality may be held liable under § 1983 where a constitutional right is violated pursuant to an official municipal policy. Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) (citing Monell). Official policy involves a deliberate choice to follow a course of action made from various alternatives by an official who maintains the final authority to establish governmental policy. Jane Doe A v. Special Sch. Dist., 901 F.2d 642, 645 (8th Cir. 1990). Alternatively, to establish a claim against a municipality under 42 U.S.C. § 1983 based on "custom or usage," this court requires a plaintiff to show: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to, or tacit authorization of, such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3)

proof that the custom was the moving force behind the constitutional violation.  Jane Doe A, 901 F.2d  at 646.

Before a municipality can be held liable under either theory, however, there must first be an unconstitutional act.  Avalos v. City of Glenwood, 382 F.3d 792, 802 (8th Cir. 2004).  Regarding Killingham's Fourth and Fourteenth Amendment claims, we find no evidence of any constitutional infraction.

This court has noted that claims alleging the excessive detention of one who has established the right to be released are typically analyzed under the Due Process Clause.[1]  See Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  In Golberg v. Hennepin County, 417 F.3d 808 (8th Cir. 2005), we recently held that the detention of an individual for ten hours after bail was posted did not violate the plaintiff's substantive due process rights because there was no evidence of deliberate indifference by any municipal employee to the plaintiff's right to be released.  Id. at 810-12.  Accordingly, although Killingham was detained for approximately eighteen hours after the district court stayed the remainder of his sentence, we find no evidence in the record that demonstrates deliberate indifference on the part of any ADC employee or Hennepin County official to delay Killingham's release.  Therefore, given the absence of any constitutional infraction, we affirm the district court's order.

———————————————————

[1]Previous decisions by this court suggest that the Fourth Amendment does not provide the proper mode of analysis for claims alleging an unconstitutional detention resulting from an initially lawful arrest.  See Golberg, 417 F.3d at 811.  Yet, even if the Fourth Amendment does provide grounds to support Plaintiff's claim, there still must be a showing of deliberate indifference to survive a motion for summary judgment.  Id.