# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1791

———————

Tory Worum Lund,                        *
                                        *
    Plaintiff - Appellant,              *
                                        *
   v.                                   *
                                        *   Appeal from the United States
Hennepin County; Patrick D.             *   District Court for the District of
McGowan, Sheriff; Michele Smolley,      *   Minnesota.
Chief Deputy; Thomas Merkel,            *
Inspector; Richard Estensen, Former     *
Inspector, officially and individually, *
                                        *
    Defendants - Appellees.             *

———————

Submitted: September 16, 2005
Filed: November 4, 2005

———————

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

———————

MURPHY, Circuit Judge.

    Tory Worum Lund brought this action under 42 U.S.C. §1983 against Hennepin County, Sheriff Patrick D. McGowan, and several other officers in his department, alleging that the delay in Lund's release from the Adult Detention Center (ADC) due to its outprocessing procedures violated his due process rights and state

law. The district court[1] granted summary judgment to the defendants and Lund appeals, arguing that he has produced sufficient evidence to warrant a jury trial. We affirm.

Lund was arrested in Richfield early in the morning on September 26, 2001 and was booked into the ADC on probable cause for second degree driving while intoxicated, a gross misdemeanor under Minnesota law. At a court hearing on September 28 the presiding judge continued the case to permit Lund to obtain counsel, ordered that no bail was required, and told Lund that he would be going home. Lund was taken back to the ADC and later released. He claims he was not released until 1:10 a.m. on September 29, twelve hours after the judge had ruled that no bail was needed. Appellees maintain that he was released several hours earlier, at approximately 9:30 p.m. on September 28, but for purposes of our review we accept Lund's version of the disputed facts. Turner v. Honeywell Fed. Mfg. & Techs., LLC, 336 F.3d 716, 719-20 (8th Cir. 2003).

Official county policy states that release from the ADC should proceed "as expeditiously as possible" consistent with the need to maintain security, but there are standard procedures and paperwork required before an individual is released. These include a computer search for any new warrants or detainers that may have been issued after the individual was originally booked, preparation and service of "release citations" informing inmates of their next court appearance, location and return of money and personal effects to inmates, verification of identity, and review of all release paperwork for error. At the same time the ADC staff is responsible for processing incoming inmates and detainees on their way to and from court or other locations. The staff must also answer telephone inquiries, count the inmate population three times daily, and deal with uncooperative arrestees. ADC records for

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

September 28 indicate that the number of inmates booked and the number released on that day were average to slightly above average.

Lund brought this action against the county, Sheriff McGowan, and other members of his department, alleging that the period of detention following his hearing violated his Fourteenth Amendment right to due process, giving rise to liability under §1983; violated his rights under Article I, § 10 of the Minnesota Constitution; and amounted to false imprisonment under state law. He subsequently agreed to the voluntary dismissal of all defendants except for the county and Sheriff McGowan in his official capacity (collectively the County). The County moved for summary judgment, and the district court granted the motion, holding as a matter of law that Lund had not alleged facts sufficient to meet the deliberate indifference standard for municipal liability under §1983. The district court also dismissed Lund's state constitutional claim since no private right of action had been recognized under the cited provision, and it concluded that the statute of limitations had run on his false imprisonment claim. Lund appeals only the dismissal of his §1983 claim.

We review the district court's grant of summary judgment de novo. Lee v. State of Minn., Dept. of Commerce, 157 F.3d 1130, 1133 (8th Cir. 1998). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Section 1983 imposes civil liability on any person who, "under color of any statute, ordinance, regulation, custom or usage of any State," deprives an individual of "any rights, privileges, or immunities" secured by the United States Constitution. To survive summary judgment, a claim under §1983 must raise a genuine issue of material fact as to whether 1) the defendant acted under color of state law, and 2) the alleged wrongful conduct deprived plaintiff of a constitutionally protected right. Cooksey v. Boyer, 289 F.3d 513, 515 (8th Cir. 2002). In order to make out a case of

municipal liability against the County, Lund must show that his constitutional injury was caused by a policy or custom of the municipality, the implementation of which amounted to deliberate indifference to his constitutional rights. City of Canton v. Harris, 489 U.S. 378, 388-91 (1989); See also Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-91 (1978).

Lund argues that deliberate indifference is the applicable standard governing not only the issue of municipal liability, but also the issue of whether his detention violated due process. He contends in addition that the issue of deliberate indifference is a question of fact, Davis v. Hall, 375 F.3d 703, 719 (8th Cir. 2004), and that his post hearing detention with the County's knowledge thus raised material issues of fact. To support his argument that deliberate indifference is the standard controlling his due process issue he cites to County of Sacramento v. Lewis, 523 U.S. 833, 851, 853 (1998), where the Supreme Court noted that in a prison setting the state has heightened obligations for the welfare of those whom it incarcerates and must consequently behave with greater care than in other contexts. Lund also relies on Berry v. Baca, 379 F.3d 764, 766, 772 (9th Cir. 2004), to argue that deliberate indifference is ultimately a question of reasonableness. Berry was a due process case in which the Ninth Circuit reversed a judgment against inmates whose release had been delayed for up to twenty nine hours by outprocessing, apparently following the test used in Lewis v. O'Grady, 853 F.2d 1366, 1370 (7th Cir. 1988). Lewis was a case involving a detainee held on a mistaken arrest warrant (unlike Lund who was arrested with probable cause) and thus decided under the Fourth Amendment rather than the due process clause.

Lund's argument essentially collapses the tests for liability under §1983 for due process violations and for municipal liability, and the County maintains in contrast that the question of whether a due process violation occurred is distinct from whether there was deliberate indifference. It argues that the due process question requires an objective assessment of whether a defendant's conduct "shocks the conscience."

Hayes v. Faulkner County, 388 F.3d 669, 674 (8th Cir. 2004). A twelve hour detention standing alone can never meet that standard, it says. It argues that the question of deliberate indifference is different from mere unreasonableness, for the issue requires a showing that the policy or custom evidencing deliberate indifference was the "moving force" behind a constitutional injury. Harris, 489 U.S. at 389. The County argues that since Lund has failed to show any causal link between his detention and one of its policies or customs, there are no grounds for municipal liability even if there were a due process violation.

It is well settled under our precedents that establishing a violation of due process as a basis for municipal liability under §1983 requires plaintiff to show more than mere negligence or unreasonableness; a plaintiff must point to conduct by the municipality, or by employees acting with its knowledge, that shocks the conscience given the totality of the circumstances. Hayes 388 F.3d at 674; Davis, 375 F.3d at 718; see also Young v. City of Little Rock, 249 F.3d 730, 734-36 (8th Cir. 2001). These illustrative cases all involved a delay in the release of pretrial detainees, and the plaintiffs in them all satisfied the constitutional tests. The plaintiff in Davis was held by prison officials over his repeated protests for fifty seven days after a court had ordered his immediate release. 375 F.3d at 706-07. The detainee in Hayes had been arrested and held for thirty nine days before a first appearance in court. 388 F.3d at 672. After a court ordered the release of the wrongfully arrested plaintiff in Young, she was detained for several more hours, chained to other prisoners in public, and strip searched; her claim was thus analyzed under the Fourth Amendment as well as the due process clause. 249 F.3d at 732-33. In each of these cases we concluded that the fact finder could reasonably find that the plaintiff's due process rights had been violated and that deliberate indifference, the "requisite level of culpability" for municipal liability, had been shown. Davis, 375 F.3d at 719; see also Hayes, 388 F.3d at 673; Young, 249 F.3d at 736.

In the course of this year we have already decided three other §1983 cases attacking the outprocessing procedures at the ADC, all brought by the same law firm. Russell v. Hennepin County, 420 F.3d 841(8th Cir. 2005); Golberg v. Hennepin County, 417 F.3d 808 (8th Cir. 2005); Luckes v. Hennepin County, 415 F.3d 936 (8th Cir. 2005). These prior cases were decided by different panels of our court within a short period of time. None of the decisions mentioned the others, but each panel concluded with somewhat different reasoning that there had not been a sufficient showing to survive summary judgment.

The plaintiff in Luckes, the first of these decisions, had been arrested because of unpaid traffic tickets. After being told that he would be released "shortly after booking," he was detained for a period of twenty four hours in a crowded holding cell with more violent offenders who threatened and intimidated him. He initially grounded his constitutional argument on the Fourth Amendment, claiming that his detention had been an unreasonable seizure. The panel concluded that this argument had no merit because the plaintiff had been arrested under a valid warrant and with probable cause. 415 F.3d at 937-38, 939. His claim was "more properly analyzed" under the due process clause of the Fourteenth Amendment, and the relevant question was whether defendants' conduct shocked the conscience under the totality of the circumstances. Id. at 939; see also Hayes, 388 F.3d at 674. The panel concluded that the evidence did not meet this test. Since there was no underlying constitutional violation, there could be no liability under §1983 even if the plaintiff could show an issue of material fact as to whether the county was deliberately indifferent to his liberty interest in being free from detention. 415 F.3d at 940.

In Golberg, the plaintiff's release from the ADC after posting bail was delayed for ten hours because of problems with a new computerized jail management system. The panel rejected the plaintiff's assertion that her detention was an unlawful seizure under the Fourth Amendment because she was being held pursuant to a valid warrant, and focused instead on whether the county had been deliberately indifferent to her

due process rights. 417 F.3d at 810-811. The court noted that deliberate indifferent requires more than mere unreasonableness, namely conduct that is so knowingly hostile or indifferent to a clearly established constitutional right that it evidences a level of "criminal recklessness." Id. at 812. Detentions such as hers have been found to be permissible in a variety of situations, and her mere showing that the detention took place as a result of county policy was not sufficient to establish municipal liability. Id. at 812-13.

Finally in Russell, the plaintiff's conditional release was delayed for six days because of an administrative error. As in Golberg, the panel did not reach the constitutional issue, instead finding that the facts were insufficient to show that the moving force behind plaintiff's detention was a county policy whose inadequacy was "both obvious and likely to result in the alleged deprivation of constitutional rights" or that there was a widespread informal custom having substantially the same effect. 420 F.3d at 845, 847. Judge Heaney dissented, arguing that the plaintiff had shown an injury resulting from the absence of an adequate affirmative policy regarding conditional releases and had made out both a due process violation and a showing of deliberate indifference. Id. at 850-51.

As our cases teach, in order for Lund to prove his due process rights were violated and that the County should be held responsible, he must show both that his detention shocks the conscience and that it was caused by a county policy or custom evidencing a level of culpability akin to criminal recklessness. His reliance on County of Sacramento, Berry, and Lewis to avoid these evidentiary burdens in favor of something like a Fourth Amendment reasonableness test is misplaced. Nowhere in County of Sacramento does the Court even hint that such a standard would apply to pretrial custody situations following a valid arrest. Decisions like Berry, 379 F.3d at 769, are inconsistent with our controlling precedents. See County of Sacramento, 523 U.S. at 846-850 (applying the conscience shocking test to alleged violation of due process); Davis, 375 F.3d at 718.

Lund's claim is that the County's outprocessing procedures delayed his release for twelve hours with the knowledge of the County and its officials. He has not alleged that the County refused or failed to investigate claims that he should be released or subjected him to any other mistreatment at the hands of the ADC staff or his fellow inmates. Nor has he shown any pattern of official tolerance by the County concerning delays in release, and the County has described in detail the reasons for its procedures, a number of which are mandated by state law. There is no evidence that the treatment Lund received was sufficiently conscience shocking so as to give rise to a due process violation or that it resulted from the sort of intentionally harmful or reckless conduct needed for a showing of deliberate indifference.

Because Lund has not alleged facts sufficient to show that his due process rights were violated or that the County was deliberately indifferent to such a violation, the district court did not err by granting summary judgment. The judgment is accordingly affirmed.

_____