# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2059

_____

Paul Christopher Stepnes,                     *
                                              *
       Plaintiff-Appellant,               *
                                              *
    v.                                      *
                                              *    Appeal from the United States
Hennepin County; Sheriff Patrick              *    District Court for the District
McGowan;                                      *    of Minnesota.
                                              *
       Defendants-Appellees,              *         [UNPUBLISHED]
                                              *
Chief Deputy Michele Smolley;                 *
Inspector Thomas Merkel; Former               *
Inspector Richard Estensen,                   *
                                              *
       Defendants.                        *

_____

Submitted:  November 16, 2005
    Filed:  November 22, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

On two dates in December 2001, Paul Christopher Stepnes was arrested for violating a protection order and detained at the Hennepin County Adult Detention Center (ADC). Each time, after Stepnes posted bond, he was allegedly confined for another four to six hours for administrative outprocessing. Stepnes brought this 42

U.S.C. § 1983 lawsuit against Hennepin County, its sheriff, and related officials alleging the delays in releasing him violated his Fourteenth Amendment right to due process. Stepnes also alleged a false imprisonment claim under state law. Stepnes later voluntarily dismissed his claims against three of the individual defendants. The district court[*] granted summary judgment for the County and the sheriff (collectively the County) holding Stepnes failed to show the County's conduct rose to the level of deliberate indifference. The court declined to exercise supplemental jurisdiction on the false imprisonment claim. Stepnes appeals.

We review the grant of summary judgment de novo and affirm if there are no genuine issues of material fact and the County is entitled to judgment as a matter of law. Russell v. Hennepin County, 420 F.3d 841, 847 (8th Cir. 2005). To avoid summary judgment dismissing his civil rights claim, Stepnes must show the County was deliberately indifferent to his right to a timely release from his initially lawful detention. See Goldberg v. Hennepin County, 417 F.3d 808, 811 (8th Cir. 2005). To decide whether a defendant has been deliberately indifferent in a prolonged detention case, courts focus both on the length of the detention and the circumstances surrounding the delay. See Davis v. Hall, 375 F.3d 703, 718-19 (8th Cir. 2004). We have held the district court properly granted summary judgment on a plaintiff's due process claim based on detention at the ADC for ten hours after bail was posted, where Hennepin County presented evidence describing the routine administrative outprocessing procedures responsible for the delay. See Goldberg, 417 F.3d at 810, 812; see also Luckes v. County of Hennepin, 415 F.3d 936 (8th Cir. 2005) (affirming summary judgment for County on detainee's claim that twenty-four hour booking and processing time at the ADC following arrest violated substantive due process); Lund v. Hennepin County, No. 05-1791, 2005 WL 2898641 (8th Cir. Nov. 4, 2005) (discussing substantive due process cases based on detentions at the ADC).

---

[*]The Honorable David S. Doty, United States District Court for the District of Minnesota.

Stepnes argues there is a genuine issues of fact about whether the County acted with deliberate indifference. As in <u>Goldberg</u>, the summary judgment record here shows that the County's failure to process Stepnes more promptly was at worst mere negligence. 417 F.3d at 812. To account for the delay Stepnes experienced, the County offered a detailed explanation of its inmate processing. The County also explained that before releasing inmates like Stepnes, who had violated a protective order, the ADC staff was required to notify victims of the pending release. Further, on the dates of Stepnes's incarceration, there were 12% and 18% more inmates than the daily average. Bookings and releases were also substantially higher than average. Stepnes acknowledges the County's processing policies and procedures are probably valid, but asserts the County has a "policy of delay." Stepnes points to a sign posted in the jail's intake area stating, "Completing your paperwork and processing may take more then eight hours. Be patient." <u>See</u> <u>Luckes</u>, 415 F.3d at 937 (explaining same sign). The County produced a detailed explanation of the release processes, however, and Stepnes did not produce any evidence that the County's processes are unnecessary or arbitrary, or that the County's procedures did not account for the delay he experienced. Because Stepnes cannot establish the County's conduct was worse than mere negligence, Stepnes cannot make the necessary showing that the County was deliberately indifferent to his constitutional rights. <u>Goldberg</u>, 417 F.3d at 812. Thus, the County cannot be held liable for Stepnes's detention under § 1983. <u>Luckes</u>, 415 F.3d at 940.

We affirm the district court's grant of summary judgment to the County.

_____