# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1468

_____

| | | |
|---|---|---|
| Dominic John Carter, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Hennepin County; Patrick D. | * | District Court for the |
| McGowan, Sheriff; Michele Smolley, | * | District of Minnesota. |
| Chief Deputy; Thomas Merkel, | * | [UNPUBLISHED] |
| Inspector; Richard Estensen, Former | * | |
| Inspector, officially and individually, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 14, 2005
Filed: January 19, 2006

_____

Before BYE, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dominic John Carter sued Hennepin County and certain county officials under 42 U.S.C. § 1983 alleging his federal constitutional rights were violated due to a seven-and-a-half-hour period of detention in the Hennepin County Adult Detention Center (ADC) after a judge ordered him to be released. The district court[1] granted

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Hennepin County's motion for summary judgment after concluding Carter failed to show deliberate indifference to his constitutional rights. Carter filed a timely appeal.

We are guided and controlled in our disposition of this case by several recent decisions involving similar challenges to the outprocessing procedures at the ADC, some of which involved a longer period of detention than the period of detention at issue in this case. See Lund v. Hennepin County, 427 F.3d 1123 (8th Cir. 2005); Russell v. Hennepin County, 420 F.3d 841 (8th Cir. 2005); Golberg v. Hennepin County, 417 F.3d 808 (8th Cir. 2005); Luckes v. County of Hennepin, 415 F.3d 936 (8th Cir. 2005); Stepnes v. Hennepin County, No. 05-2059, 2005 WL 3113440 (8th Cir. Nov. 22, 2005) (unpublished); and Killingham v. County of Hennepin, No. 04-3216, 2005 WL 2807117 (8th Cir. Oct. 28, 2005) (unpublished). All of the issues raised by Carter were addressed and decided in Hennepin County's favor in one or more of the above cases. We therefore affirm the judgment of the district court in favor of Hennepin County in this case.

_____