# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3624
_____

Michael Jones

*Plaintiff - Appellee*

v.

City of St. Louis; Jeff Carson; Michael Guzy; Dale Glass

*Defendants - Appellants*

Charlene Deeken

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 16, 2023
Filed: June 17, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

LOKEN, Circuit Judge.

This is an interlocutory appeal from the denial of qualified immunity. In February 2021, Michael Jones filed this 42 U.S.C. § 1983 lawsuit against the City of

St. Louis and four present and former City employees, sued in their individual capacities: Jeff Carson, Superintendent of the St. Louis Medium Security Institution ("MSI"); Dale Glass, Commissioner of the Division of Corrections; Charlene Deeken, former Director of the Department of Public Safety; and Michael Guzy, former employee of the City of St. Louis Sheriff.[1]  Jones alleges that Defendants were responsible for holding him in custody as a pretrial detainee for eight months after pending criminal charges against him were dismissed by the state court, and for not informing Jones that he was entitled to be released.

The First Amended Complaint ("FAC") asserted claims under state and federal law in fourteen counts and 231 numbered paragraphs.  Defendants moved to dismiss all fourteen counts.  Seven counts were dismissed and are not at issue, four alleging unsanitary conditions of confinement at MSI and three asserting claims of fraud.  Before the district court ruled, Jones moved to voluntarily dismiss as "duplicative" Fifth and Fourteenth Amendment due process claims in Count II; these claims were dismissed without prejudice.  Thus, there are *no* federal due process claims against the individual Defendants at issue on appeal.  As we will explain, Count II is relevant but, by Jones's choice, not at issue.

Defendants appeal the denial of their motion to dismiss Counts I, V, VI, and VII, arguing the FAC fails to allege plausible constitutional violations and the individual Defendants are therefore entitled to qualified immunity from damage claims.  Count I alleges Defendants violated Jones's Fourth and Fourteenth

_____

[1]Deeken and Guzy have since passed away.  Before this appeal, Deeken was dismissed by the district court on joint motion of the parties.  Defendants filed a Suggestion of Death for Guzy a week before oral argument.  The parties have not briefed whether Jones's claims survive his death.  If so, the FAC fails to plausibly allege a federal constitutional violation for the reasons explained in this opinion.  Whether remaining pendent state law claims against Guzy survive his death is an issue for the district court on remand.

Amendment right to be free from unreasonable seizure by detaining him after his criminal charges were dismissed. Counts V, VI, and VII allege Defendants failed to establish policies and train staff to ensure that citizens are not wrongfully imprisoned, and followed a pattern or practice of keeping citizens incarcerated after their criminal charges have been dismissed. Two counts asserting pendent state law claims for intentional and negligent false imprisonment remain pending in the district court.

We have jurisdiction over the denial of a motion to dismiss based on qualified immunity, including whether the FAC states a claim for relief that is plausible on its face. Lyons v. Vaught, 781 F.3d 958, 960 (8th Cir. 2015) (quotations omitted). "Evaluating the sufficiency of a complaint is not a 'fact-based' question of law" so an order denying qualified immunity on this ground is a final decision appealable under the collateral order doctrine. Ashcroft v. Iqbal, 556 U.S. 662, 674-75 (2009). We review the denial of qualified immunity *de novo*, accepting factual allegations in Jones's FAC as true. Faulk v. City of St. Louis, 30 F.4th 739, 744 (8th Cir. 2022) (standard of review). In reviewing whether Jones pleaded a plausible claim for violation of a constitutional or statutory right, we "accept as true all of the allegations contained in a complaint," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see Faulk, 30 F.4th at 744. "Courts must not presume the truth of legal conclusions couched as factual allegations." Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). Applying these standards of review, we reverse the denial of qualified immunity; direct that Counts I, V, VI, and VII claims be dismissed with prejudice; and remand for further proceedings not inconsistent with this opinion.

**I.**

The primary issue is whether the individual defendants are entitled to dismissal of Jones's wrongful detention claims for failure to state a claim. The FAC's claims of prolonged detention invoke two distinct constitutional rights that apply to state

officials under the Fourteenth Amendment -- the Fourth Amendment's restrictions on unreasonable seizures in Count I, and the Fifth Amendment's due process protections in Count II. The Fifth Amendment claims have been dismissed without prejudice. The starting point for assessing the adequacy of the Fourth Amendment claims asserted in Count I was established over thirty years ago in Graham v. Connor, 490 U.S. 386, 393-94 (1989), a Fourth Amendment excessive force case:

> As we have said many times, § 1983 is not itself a source of substantive rights . . . . In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. . . . In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendments' ban on cruel and unusual punishments . . . . The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than some generalized "excessive force" standard. . . . Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment. (Quotations and citations omitted.)

The district court's Memorandum Opinion and Order ignored Graham's mandate in denying Defendants' motion to dismiss the Fourth Amendment claims in Count I. The court stated that the individual Defendants "can be held to answer § 1983 claims stemming from prolonged detention where there are allegations (or evidence) that the supervisory employees had actual or constructive notice that the wrongfully detained person was entitled to be released," citing Davis v. Hall, 375 F.3d 703, 716 (8th Cir. 2004). But in that case, we affirmed the denial of summary judgment dismissing a due process prolonged detention claim. Thus, Davis v. Hall does not establish that the Fourth Amendment is "the specific constitutional right allegedly infringed" and certainly did not address "the specific constitutional standard which governs that right" in this unusual case. Nor did the FAC, the district court,

-4-

or the parties on appeal even attempt to define the elements of a Fourth Amendment claim based on this type of "prolonged incarceration." The failure of the district court to apply this controlling Supreme Court law, and the failure of both parties to even recognize the issue on appeal, greatly increases the difficulty of our task.

## II.

Count I alleges that the individual Defendants violated Jones's Fourth and Fourteenth Amendment right to be free from unreasonable seizure when they "depriv[ed him] of his freedom" by incarcerating him for nearly eight months "after the criminal charges against him were dismissed." The FAC cryptically states the § 1983 claims in the following paragraphs:

47. Defendants' actions wrongfully deprived Plaintiff of his freedom and due process.

. . .

**Count I: Violation of Plaintiff's Fourth and Fourteenth Amendment rights to be Free from Unreasonable Seizure . . .**

63. Defendants knew or should have known that Plaintiff was wrongly imprisoned.

64. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

. . .

67. The Fourteenth Amendment to the United States Constitution protects Plaintiff's Fourth Amendment rights from state action.

68. Defendants, therefore, violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person.

69. Defendants fraudulently concealed from Plaintiff the fact that he was wrongfully imprisoned . . . .

70. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

In Slone v. Herman, our leading prolonged detention case, we held that correction officials violated plaintiff's "clearly established liberty interest in being freed from prison" when they continued his detention *with knowledge* that a court order that he be released was "final and nonappealable." 983 F.2d 107, 110 (8th Cir. 1993). Similarly, in Davis v. Hall, where plaintiff alleged that correction officials ignored for months his complaint that a Judgment and Sentence Order provided for immediate discharge from custody, we upheld the denial of qualified immunity because failing to respond to his requests to be released based on the court order deprived Davis of a clearly established liberty interest. 375 F.3d at 719. Golberg v. Hennepin County involved a plaintiff whose lawful detention under a felony complaint was mistakenly extended ten hours after bail was posted. We affirmed the district court's dismissal of her claim that the excessive detention violated her constitutional rights, specifically rejecting a Fourth Amendment claim:

> Golberg's seizure [under the felony complaint] was reasonable under the Fourth Amendment without the need for further judicial process such as a probable cause hearing. . . . Claims alleging the excessive detention of one who has established the right to be released are typically analyzed under the Due Process Clause.

417 F.3d 808, 811 (8th Cir. 2005) (citations omitted); see Lund v. Hennepin County, 427 F.3d 1123, 1127 (8th Cir. 2005). The basis for this distinction derives from the plain language of the Fourth Amendment. As succinctly stated by Judge Richard

Posner of the Seventh Circuit: "There is a difference between seizing a person and not letting him go." Llovet v. City of Chicago, 761 F.3d 759, 764 (7th Cir. 2014).

In the Facts section, the FAC alleges that Jones was "charged with one felony and one misdemeanor [and] was held at the [MSI] pending trial on a bond he could not afford to pay." As in Golberg, the initial detention was not an unreasonable seizure within the parameters of the Fourth Amendment. "[A]t common law damages for detention after issuance of process or arraignment would be attributable to a tort other than the unlawful arrest alleged . . . and probably a tort chargeable to defendants other than the [arresting police officers]." Wallace v. Kato, 549 U.S. 384, 313 (2007).

There is another type of illegal detention § 1983 claim that does directly implicate the Fourth Amendment -- when the initial seizure is based upon false or manufactured allegations or evidence of probable cause to detain, used either to justify a warrantless seizure (arrest) or to defend an arrest warrant obtained by a flawed showing of probable cause. See Albright v. Oliver, 510 U.S. 266 (1994). In Manuel v. City of Joliet, police officers arrested the § 1983 plaintiff without a warrant based on fabricated evidence he possessed a controlled substance, evidence that was then used to obtain a judicial determination of probable cause to prosecute. 580 U.S. 357, 360-62 (2017). Resolving a conflict in the circuits, the Supreme Court held "that the Fourth Amendment governs a claim for unlawful detention even beyond the start of legal process" and only "drops out" once trial has occurred. Id. at 369 & n.8. On appeal, both parties assume without analysis that Manuel decided that a claim challenging prolonged detention falls within the Fourth Amendment, not the Due Process Clause, *whether or not* the initial detention (seizure) was lawful.

This issue was not raised nor addressed by the Court in Manuel, a case that involved an alleged unlawful initial seizure. The district court did not cite Manuel or even acknowledge that this is a serious issue because choosing the Fourth Amendment as "the specific constitutional right allegedly infringed" by Defendants

-7-

necessarily implies that the Supreme Court in <u>Manuel</u> intended to overrule our otherwise controlling due process precedents, a question the Court did not discuss. Though other circuits have considered prolonged detention claims after <u>Manuel</u>, we have not addressed this issue.

## III.

We conclude we need not decide this difficult question in this case because, even if the Fourth Amendment does apply to Jones's prolonged detention claims, we must reverse the denial of the individual Defendants' motion to dismiss because the FAC fails to plausibly allege a Fourth Amendment violation. We quote the FAC fact paragraphs most relevant to this issue:

13. In or around August 2013, Plaintiff was charged with one felony and one misdemeanor by the City of St. Louis Circuit Attorney's Office.

14. Plaintiff was held at the St. Louis [MSI] pending trial on a bond he could not afford to pay.

15. Plaintiff was represented in his criminal case by the St. Louis City Public Defender's Office.

16. On November 26, 2013, Plaintiff's case was dismissed by the court.

17. Despite his charges being dismissed, Plaintiff remained in the St. Louis [MSI].

18. Defendants Carson, Guzy, Deeken, and Glass kept Plaintiff incarcerated in St. Louis before and after Plaintiff's charges were dismissed.

19. Defendants Carson, Guzy, Deeken, and Glass failed to inform Plaintiff and failed to ensure Plaintiff was informed that his charges were dismissed and that he was still being detained despite his charges being dismissed.

20. Plaintiff was eventually released on or after July 24, 2014, without anyone telling him that he was detained despite his case being dismissed.

21. Defendants knew or should have known that Plaintiff was incarcerated despite his charges being dismissed.

22. Defendants concealed from Plaintiff the fact that he was incarcerated despite his charge being dismissed.

. . .

24. On or around August 2019, Plaintiff first learned that he was detained until July 2014 in St. Louis correctional facilities despite his charges being dismissed on November 26, 2013.

. . .

28. Defendants owed a duty to Plaintiff to inform him that he had been wrongfully imprisoned because Defendants had superior information regarding Plaintiff's incarceration not reasonably available to Plaintiff.

. . .

36. Defendants Carson, Guzy, Deeken, and Glass have or had a responsibility to determine when people are supposed to be released from the custody of Defendant City of St. Louis and to provide for their immediate release.

The first glaring omission is that the FAC does not allege that Carson or Glass or Guzy were personally involved in Jones's prolonged detention. "Section § 1983 liability is personal." Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009). To establish liability against supervisory officials like Carson and Glass or an employee like Guzy, Jones "must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir.), cert. denied, 552 U.S. 823 (2007); see Dahl, 580 F.3d at 733;

Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987). Here, there is no factual support for the allegation defendants knew of Jones's prolonged detention, and the allegation they "should have known that Plaintiff was incarcerated despite his charges being dismissed" is an allegation of negligence that fails to state Fourth Amendment or due process claims. See Daniels v. Williams, 474 U.S. 327, 333 (1986); Marsh v. Phelps County, 902 F.3d 745, 754 (8th Cir. 2018). These are nothing more than unsupported "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quotation omitted).

The district court concluded that Carson and Glass are high-level supervisory officials and therefore, "[w]hile the paucity of specific facts makes this a close question . . . a reasonable inference can be drawn based on the limited record that the individual defendants . . . were on notice of and deliberately indifferent to or authorized the violations alleged." We disagree. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Marsh, 902 F.3d at 754. Deliberate indifference is an element of an Eighth Amendment or a due process claim, not a Fourth Amendment unreasonable seizure claim.

Second, the FAC alleges that defendants, knowing Jones was entitled to be released because the criminal charges were dismissed, "owed a duty to Plaintiff to inform him that he had been wrongfully imprisoned because Defendants had superior information regarding Plaintiff's incarceration not reasonably available to Plaintiff." Our due process cases establish an official duty to investigate whether a detainee's lawful detention is being unlawfully prolonged if "the authorities *know* that they have no basis for detention." Davis, 375 F.3d at 716. Neither the district court nor Jones on appeal cited any case holding that the Fourth Amendment imposes such a duty when the initial seizure was lawful. And even assuming without deciding that Manuel imposes such a Fourth Amendment duty, the FAC simply alleges that, at

-10-

some unspecified time, the Public Defender's Office informed Defendants "that people were being wrongfully detained in correction facilities in St. Louis City." There is no allegation that Carson and Glass were told that Jones was being wrongfully detained.

Third, the FAC alleges, with no supporting facts, that "Plaintiff's case was dismissed by the court." There is no allegation what triggered the dismissal -- a motion by Jones's counsel; a voluntary dismissal by the St. Louis County prosecutor, who is not a defendant; or *sua sponte* action by the court. Nor is there an allegation of how and to whom the dismissal order was communicated. Was it a minute order entered on the court's electronic docket? Was a written order mailed to counsel for the parties, in which case Jones's attorney was responsible for his lack of knowledge? Or did the clerk of court make a mistake, in which case the lack of notice could not be attributable to defendants? Cf. Lewis v. City of St. Louis, 932 F.3d 646, 649 (8th Cir. 2019). These facts, likely available to counsel for Jones had he made a trip to the courthouse, are of critical importance in determining whether Defendants could be liable under the Fourth Amendment or the Due Process Clause because they knew of, and were deliberately indifferent to, Jones's illegal prolonged detention for eight more months. Cf. Thompson v. Clark, 142 S. Ct. 1332 (2022).

Viewed in its entirety, the FAC "pleads facts that are 'merely consistent with' a defendant's liability [but] 'stops short of the line between possibility and plausibility.'" Iqbal, 556 U.S. at 678 (quotation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Id. at 679, quoting Fed. R. Civ. P. 8(a)(2). We reverse the denial of the individual Defendants' motion to dismiss the Count I federal claims.

**IV.**

Given our decision that claims against the individual Defendants in Count I must be dismissed, Jones's municipal liability claims in Counts V, VI, and VII require little discussion.[2] In these Counts, Jones alleges the Defendants "knew or should have known" that they "failed to establish effective release procedures," "failed to properly train staff to ensure that Plaintiff and other similarly situated innocent citizens would not be wrongfully incarcerated," and "established a pattern or practice by which innocent citizens are wrongfully detained in St. Louis jails," failings that caused Jones's prolonged incarceration. The district court denied the motion to dismiss these Counts because Jones "has plausibly alleged that his right not to be detained . . . was violated because of the [the City's] hiring, training, supervision, policies, customs, and practices, or lack thereof."

Municipal entities are not entitled to qualified immunity. Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 166 (1993). But our jurisdiction to review the denial of qualified immunity to individual supervisory Defendants Carson and Glass includes jurisdiction over pendent claims against the City that are "inextricably intertwined" with the qualified immunity claims. Muir v. Decatur County, 917 F.3d 1050, 1053 (8th Cir. 2019) (quotation omitted). A pendent claim is inextricably intertwined "if resolution of the qualified immunity claim 'necessarily resolves the pendent claim[] as well.'" Id. (quotation omitted).

It is well established that "there must be an unconstitutional act by a municipal employee before a municipality can be held liable." Muir, 917 F.3d at 1054 (quotation omitted). "[A] municipality is not liable for the negligent acts of its

---

[2]The FAC names Defendants Carson and Glass only in their individual capacities, so the only official capacity Defendant is the City. We dismiss the individual capacity claims against Carson and Glass in Counts V, VI, and VII for the reasons stated in Part III.

employees." Russell v. Hennepin County, 420 F.3d 841, 846 (8th Cir. 2005), citing Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Our conclusion that Jones has not plausibly alleged that his right not to be detained was violated by any City employee means that the alleged municipal policies and practices did not cause the constitutional injury Jones alleges. Jones's allegations that Defendants "should have known" that he was incarcerated despite the criminal charges being dismissed fail to state a claim under either the Fourth Amendment or the Due Process Clause. Therefore, our conclusion that Count I must be dismissed for failure to state a claim "necessarily resolves" the municipal liability issues. See Muir, 917 F.3d at 1054 (quotation omitted); LaCoe v. City of Sisseton, 82 F.4th 580, 586 (8th Cir. 2023).

The order of the district court denying Defendants' motion to dismiss Counts I, V, VI, and VII of the FAC is reversed.

## V. Counts IV and XIV

In the Memorandum Opinion and Order being appealed, the district court also denied Defendants' motion to dismiss the false imprisonment claims in Counts IV and XIV, which are governed by state law. Defendants argued these claims accrued upon Jones's release from jail in 2014 and are therefore time-barred. Jones argued the statute of limitations was tolled because Defendants concealed the fact of his illegal detention, and it was not capable of ascertainment until August 2019. The district court concluded that Jones "adequately pleaded sufficient facts to toll the statute of limitations." The court did not determine "[w]hether defendants may ultimately be entitled to dismissal of these claims on statute of limitations grounds." Defendants did not appeal this ruling. Therefore, on remand, the district court must resolve these state law claims, as well as any other matters raised by the parties, or decline to exercise its supplemental jurisdiction over these claims because Jones's federal claims have been dismissed. See 28 U.S.C. § 1367(c)(3).

The Order of the district court dated November 21, 2022 is reversed and the case is remanded with directions to dismiss Counts I, V, VI, and VII of the FAC with prejudice and for further proceedings not inconsistent with this opinion.

_____